**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6482**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

STEVEN LAMONTE STANLEY, a/k/a Azar, a/k/a Doc,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry Coke Morgan, Jr., Senior District Judge. (3:00-cr-00344-HCM-1; 3:16-cv-00250-HCM)

Submitted: August 16, 2018　　　　　　　　　　Decided: August 21, 2018

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Steven Lamonte Stanley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Lamonte Stanley seeks to appeal the district court's orders denying his 28 U.S.C. § 2255 (2012) motion and denying his Fed. R. Civ. P. 60(b) motion. With respect to Stanley's appeal of the district court's § 2255 order, we dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. With respect to Stanley's appeal of the district court's Rule 60(b) order, we deny a certificate of appealability and dismiss the appeal.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's § 2255 order was entered on the docket on May 3, 2017. The notice of appeal was filed, at the earliest, on April 23, 2018.[*] Because Stanley failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal of this order for lack of jurisdiction.

Next, the district court's Rule 60(b) order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Stanley has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss Stanley's appeal of the denial of Rule 60(b) relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*